JOHN S. WORDEN (NV SBN 7563)
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111-5865
Telephone: (415) 653-3713
Facsimile: (415) 653-3755
Email: JSWorden@venable.com

*Attorneys for Defendants*

MATTHEW L. SHARP (NV SBN 4746)
MATTHEW L. SHARP, LTD.
432 Ridge Street
Reno, NV 89501
Telephone: (775) 324-1500
Facsimile: (775) 323-6249
Email: matt@mattsharplaw.com

*Attorneys for Plaintiff*

THOMAS J. McKENNA (*Pro Hac Vice forthcoming*)
GAINEY McKENNA & EGESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALIREZA ZARE, Derivatively on Behalf of IDEANOMICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZHENG WU, SHANE McMAHON, ALFRED POOR, YANG CHAO, JAMES S. CASSANO, STEVEN FADEM, HARRY EDELSON, JERRY FAN, and JOHN WALLACE, <br><br> Defendants <br><br> and, <br><br> IDEANOMICS, INC., a Nevada corporation, <br><br> Nominal Defendant. | Case No. 3:20-CV-00608-MMD-WGC <br><br> **JOINT STIPULATION AND [PROPOSED] ORDER TEMPORARILY STAYING CASE** <br><br> Action Filed: October 27, 2020 |

1  Plaintiff Alireza Zare ("Plaintiff") and nominal defendant Ideanomics, Inc. (the
2  "Company"), and defendants Zheng Wu, Shane McMahon, Alfred Poor, Yang Chao, James S.
3  Cassano, Harry Edelson, Steven Fadem, Harry Edelson, Jerry Fan, and John Wallace, (collectively,
4  the "Individual Defendants," and together with the Company, "Defendants"), agree and stipulate
5  as follows:

6  WHEREAS, on October 27, 2020, Plaintiff filed a shareholder derivative complaint (the
7  "Complaint") in the United States District Court for the District of Nevada (hereinafter "Derivative
8  Action").  Plaintiff alleges that the Complaint is "brought in the right, and for the benefit, of the
9  Company against certain of its officers and directors seeking to remedy the Individual Defendants'
10 alleged breach of fiduciary duties, gross mismanagement and for contribution under Sections 10(b)
11 and 21D of the Exchange Act" (ECF No. 1 at 2:4-9);

12 WHEREAS, several related securities putative class actions were previously filed in the
13 United States District Court for the Southern District of New York, captioned *Rudani v.*
14 *Ideanomics, Inc., et al.*, Case No. 1:19-cv-06741, *Lundy v. Ideanomics, Inc., et al.*, Case No. 1:20-
15 cv-04944, and *Kim v. Ideanomics, Inc., et al.*, Case No. 1:20-cv-05203, (collectively the
16 "Securities Class Actions");

17 WHEREAS, Defendants anticipate filing a motion to dismiss for failure to state a claim in
18 the Securities Class Actions;

19 WHEREAS, this Derivative Action and the Securities Class Actions are premised upon
20 overlapping alleged conduct, and the claims and defenses in the Derivative Action may be
21 informed by resolution of the motion to dismiss in the Securities Class Actions; and

22 WHEREAS, in order ensure economy of time and effort for the Court, for counsel, and for
23 litigants, Plaintiff and Defendants have agreed that, in light of the overlap between the Derivative
24 Action and the Securities Class Actions, that the Derivative Action should be temporarily stayed
25 on the terms set forth below unless and until either of the Parties to this Stipulation gives a fifteen
26 (15) days' notice that they no longer consent to the voluntary stay of the Derivative Action.

27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

IT IS HEREBY STIPULATED AND AGREED by the Parties and their undersigned counsel as follows:

1. Defendants hereby accept service of the summons and complaint filed in the Derivative Action.

2. All proceedings in this Derivative Action, including all deadlines, hearings and conferences, shall be temporarily stayed until either Party gives fifteen (15) days' notice in writing (an email is considered a writing) that they no longer consent to the voluntary stay of the Derivative Action.

3. Defendants shall make best efforts to promptly notify Plaintiff of any related derivative lawsuits or any related demand letters or books and records proceedings by other shareholders of the Company of which they become aware.

4. The Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms or refuses to agree to a continuation of a stay under similar terms, Plaintiff may lift the agreed stay upon ten (10) days' notice in writing.

5. The Parties agree that during the pendency of this stay, Defendants shall make best efforts to include Plaintiff in any mediation or settlement discussions with the plaintiffs in the Securities Class Actions and shall include Plaintiff in any mediation or settlement discussions with any purported plaintiff in any related derivative lawsuit, demand proceeding or any other related books and records demand proceeding. If any other party objects to including Plaintiff in any mediation, then Defendants agree to attempt to separately mediate with Plaintiff at or about the same time.

6. In the event that Defendants agree to produce, or any of them are ordered to produce by a court of competent jurisdiction, any documents pursuant to a related books and records request to any holder or beneficial owner of the Company's stock, or documents are produced to the plaintiffs in the Securities Class Actions or in any other related shareholder derivative litigation or demand proceeding, then copies of such documents shall also be provided to counsel for Plaintiff within twenty-five (25) days, subject to the execution by counsel for Plaintiff of an appropriate confidentiality agreement governing the use and disclosure of these materials.

7. During the pendency of the stay, Plaintiff may file an amended complaint, but Defendants need not answer, move, or otherwise respond thereto during the pendency of the stay.

8. Upon termination of the stay, Defendants shall not move to stay this Derivative Action in deference to another derivative action. Nothing in this provision

1 shall limit Defendants from filing a motion to transfer or consolidate the Derivative
2 Action with any other action or to another venue.

3     9.    Upon occurrence of any of (1) the dismissal of the Securities Class Actions, with
4 prejudice, by its court, and exhaustion of all appeals related thereto; or (2) the denial of any motion
5 to dismiss the Securities Class Actions; then the Parties shall, within twenty (20) days, meet and
6 confer on the next steps to be taken in the Derivative Action and notify the Court via a joint status
7 report within thirty (30) days after the occurrence of either of these events mentioned in this
8 paragraph as to the Parties' proposal(s) on the next steps to be taken in the Derivative Action.

    10.    All deadlines, hearings, or conferences currently scheduled shall be postponed until
9 the date and time that will be specified in any proposed scheduling order to be hereafter submitted
10 by the Parties pursuant to the terms of this Stipulation, or as otherwise set by the Court.

11     11.    The Parties expressly preserve, and do not waive, any and all claims, rights and
12 defenses, objections and arguments in the Derivative Action, except as to sufficiency of service of
13 process.

    12.    The Parties expressly agree that the voluntary stay of the Derivative Action is
14 without any prejudice, including without prejudice to either Party's right to file any forthcoming
15 motions.

16
17 Dated:  December 4, 2020     VENABLE LLP

    By: */s/ John S. Worden*
18         JOHN S. WORDEN
19         *Attorneys for Defendants*

20 Dated:  December 4, 2020     MATTHEW L. SHARP, LTD.

21     By: */s/ Matthew L. Sharp*
22         MATTHEW L. SHARP
        *Attorneys for Plaintiff*

23
**IT IS SO ORDERED**:
24
25
DATED: _____     _____
26
    UNITED STATES DISTRICT COURT JUDGE
27
28